UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DONALD W. MILLS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:13-CV-1169 PS |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Donald W. Mills, a *pro se* prisoner, filed this habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding in which a hearing officer found Mills guilty of trafficking, resulting in 90 days lost earned-time credits, among other sanctions. (DE 2; 9-5.) The gist of the charge was that Mills and two other offenders were receiving a banned substance — concealed, ingeniously enough, under the stamp of various envelopes sent to them — from someone outside the institution named Monica Short. Here is what an internal affairs investigator wrote in his conduct report concerning the investigation of Mills and the others:

> During an investigation Case number 13-WCC-089 [i]t was found that Offender Mills, Donald 184614 was engaging in trafficking with an outside source. Also uncovered was that there were two Co-Conspirators involved also, Offenders McKinney, Timothy 945416, and Bradley, Paul 864481.
>
> * 4/18/2013 Letter from Mills to Jeannie Myers. In this letter from Mills to Myers he states that "Tim" (Mckinney) is using his pone [*sic*], (Letters Copied) admitting that he is allowing "Tim" to use his phone, and that he was "hogging all his phone time".

* 4/18/2013 (3) letters were intercepted by internal affairs, after Offender Mills was flagged due to this investigation, and suspicion of trafficking. All three letters were addressed to Donald Mills from Monica Short. After checking behind the stamps there were (5) Suboxone[1] Strips found total, behind the stamps of these letters. Each letter was sent on the same date, and all had same handwriting.

In fact there were 7 letters total involved with this investigation sent to all three of the above named Offenders. All which had the same stamps, handwriting, and postage location, even with the letters being sent on different days. Given also the fact that Offenders McKinney and Bradley were making their calls conspiring to traffic using offender Mills, Donald's pin number, which again was admitted by Mills in his letter 4-18-2013.

(DE 9-1.)

On June 13, 2013, Mills was formally notified of the charge and given a copy of the conduct report. (DE 9-1; DE 9-2.) He pled not guilty, requested the assistance of a lay advocate, and waived the 24-hour notice requirement. (DE 9-2.) He did not request any witness statements or physical evidence. (*Id.*) A hearing was held a couple weeks later. (DE 9-5.) Mills stated in his defense: "I'm asking for dismissal because I never got the letters. I don't know a Monica Short. I was never in possession of this stuff." (*Id.*) Based on the evidence, including a confidential internal affairs file, the hearing officer found him guilty (*id.*), and his administrative appeal was denied. (DE 9-6 to DE 9-8.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to

---

[1] Suboxone is a synthetic opiate that can be prescribed to treat withdrawal symptoms associated with narcotics abuse. *See U.S. v. MacKay*, 715 F.3d 807, 816 n. 6 (10th Cir. 2013); *U.S. v. Pellmann*, 668 F.3d 918, 922 (7th Cir. 2012).

call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 70-71 (1974). To satisfy due process, there need only be "some evidence" in the record to support the guilty finding, *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985), which is a modest standard of proof.

As a preliminary matter, the respondent requests that certain confidential materials stemming from the internal affairs investigation be maintained under seal due to security concerns. (DE 10.) Upon review, I agree that the materials submitted contain sensitive information, the disclosure of which could be harmful to other individuals or compromise the security of the facility. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988). Accordingly, the motion is granted.

Turning to the merits, Mills raises several claims based on violations of internal Indiana Department of Correction policy, including the failure of prison staff to provide him with a "confiscation form," an "evidence card," and other documents required by the policy. (DE 2 at 3.) However, even if IDOC rules were violated, this would not entitle Mills to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in

disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Giving the petition liberal construction, Mills may also be complaining that certain documents considered by the hearing officer were kept from him. He may have envisioned his case proceeding like a criminal trial, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The hearing officer was not required to produce physical evidence to support the charge, follow the formal rules of evidence, or permit Mills to confront the adverse evidence or witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (inmate had no right to cross-examine or confront adverse witnesses); *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000) (formal rules of evidence do not apply at prison disciplinary proceeding); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (a "disciplinary board's decision is not limited to evidence presented at the hearing").

Furthermore, unlike in a criminal trial, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Due process does require that the confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995); *Henderson*, 13 F.3d at 1077. Here, I have reviewed the confidential file, which contains documentation of an extensive internal investigation, including photographs of the letters themselves; I conclude that the file contains reliable

evidence of Mills' guilt. To the extent Mills believes the letters or other materials had any exculpatory value, the hearing officer considered this evidence in reaching his decision, which is all that Mills was entitled to under *Wolff*. *See White*, 266 F.3d at 768 (prisoner's rights were not violated when evidence he claimed was exculpatory was considered by the disciplinary board, even though he was not permitted to view this evidence himself).

Although unclear, Mills may also be claiming that he was denied evidence that he requested. A prisoner has a limited right to present witnesses and evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie*, 342 F.3d at 666. Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey*, 969 F.2d at 361. "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, Mills does not clearly explain what witnesses or evidence he believes he was denied. And, more basically, the problem with Mills' argument is that he signed the screening notice which reflects that he did not request any witnesses or evidence.

(DE 9-2.) He cannot fault the hearing officer for failing to consider evidence or witnesses he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Furthermore, because he has not described the witnesses or evidence he claims to have been denied, or explained how they would have been exculpatory, he has not made the necessary showing of prejudice. *Jones*, 637 F.3d at 847.

Mills's petition can also be read to challenge the sufficiency of the evidence. In reviewing a disciplinary proceeding for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. I can overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077. Additionally, the hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Upon review, there is sufficient evidence in the record to support the finding that Mills engaged in trafficking, including the conduct report and the confidential file. To be constitutionally adequate, the evidence does not have to point to only one logical conclusion. Rather, the question is whether there is some evidence to support the

hearing officer's determination. *See Hill*, 472 U.S. at 457. Based on the record, I cannot conclude that the hearing officer's determination was arbitrary or without evidentiary support. *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination).

For these reasons, the respondent's motion to maintain documents under seal (DE 10) is **GRANTED**. The petition (DE 2) is **DENIED**.

**SO ORDERED**.

ENTERED: July 31, 2014.　　　　　　　　　　s/Philip P. Simon　　　　　
　　　　　　　　　　　　　　　　　　　　　Philip P. Simon, Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court